IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Eddie James Pilcher, Jr., #303616 ) | |
| ) | Civil Action No. 8:07-4076-CMC-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Warden Stan Burtt, Major ) | |
| Adrian Martell, Lt. Darryl ) | |
| King, Classe Thompson, ) | |
| Officer NFN Rodgers, Officer ) | |
| NFN Guinn, Officer NFN ) | |
| Corbet, Lt. Terrence Forde, ) | |
| Investigator NFN Powell, ) | |
| and Nurse NFN Dunn, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendant Adrian Martell's motion to dismiss (Dkt. # 36); defendant Nurse NFN Dunn's motion to dismiss (Dkt. # 49); the remaining defendants' motion for summary judgment (Dkt. # 39); and the plaintiff's motion to compel (Dkt. # 46) and for a preliminary injunction (Dkt. # 67.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on December 20, 2007, seeking damages for alleged civil rights violations. On April 28, 2008, the plaintiff filed a motion for default judgment as to the defendant Nurse Dunn. On May 16, 2008, the defendant Nurse Dunn filed a response opposing the plaintiff's motion for default judgment.

On May 8, 2008, the defendant Martell filed a motion to dismiss. On May 9, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On May 13, 2008, the remaining defendants, except Nurse Dunn, filed a motion for summary judgment. On May 14, 2008, pursuant to *Roseboro*, the plaintiff was again advised of the summary judgment dismissal procedure. On May 27, 2008, the plaintiff filed a response opposing these motions.

On June 2, 2008, the defendant Nurse Dunn filed a motion to dismiss. On June 3, 2008, pursuant to *Roseboro,* the plaintiff was once again advised of the summary judgment dismissal procedure. On June 16, 2008, the plaintiff filed a response opposing the defendant Dunn's motion to dismiss.

## **FACTS PRESENTED**

The plaintiff is a state inmate within the South Carolina Department of Corrections ("SCDC") currently housed at the Lieber Correctional Institution ("LCI"). The plaintiff alleges the defendants violated his constitutional rights by failing to protect him from another inmate's assault on October 10, 2007. Specifically, the plaintiff alleges that the

defendants subjected him to cruel and unusual punishment, were negligent in their supervision by allowing the assault to occur, and conspired to cover up the incident.

In his complaint, the plaintiff alleges that on October 8, 2007, he and the defendant Officer Rogers argued and Rogers threatened the plaintiff causing him to believe that Rogers "would put a 'hit on [him].'" (Compl. at 3.)  In his complaint, he alleges that the day before the assault, he told the defendant Lt. King about Rogers' threat and King told him "It's because of [your] mouth." (*Id.*)  However, in his memorandum opposing the defendants' motion for summary judgment, he states that he "attempted to speak to Mr. King, but was denied the opportunity to address [his] concerns." (Pl.'s Mem. Opp. Summ. J. Mot. at 2.)

Two days after the threat on October 10th, he alleges he begged Officers Guinn and Corbett and their supervisors, Sgt. Forde and Lt. Thompson, to allow him to shower after the other inmates had finished showering.  The plaintiff states that prior to going to the showers, he begged Officers Guinn and Corbet to be taken to the showers last and he asked to speak with their supervisors. The plaintiff acknowledges the Officers notified their supervisors.  He alleges he then pled with Sgt. Ford and Lt. Thompson, but he was told that he could not wait to take his shower last and he either had to take it then or not shower at all.  (Compl. at 3.)

Sgt. Guinn then escorted the plaintiff to the showers.  (*Id.*)  As the plaintiff was leaving the showers, another inmate, Alphonzo Richardson, cut the plaintiff three times

3

with a razor across his chest and his right eye. (*Id.*) He alleges he has lost some vision in his eye, has scars on his face and chest, and lives in fear. (*Id.*) He alleges that the defendant Officer Guinn did not follow the proper procedure in escorting him to the shower and was not in the correct position to prevent an attack from another inmate. (*Id.*)

He acknowledges that he was taken to medical and the defendant Nurse Dunn treated him. (Compl. at 3.) However, he alleges Nurse Dunn did not file "a report per policy." (*Id.*) He also alleges that pictures were not taken of him even though SCDC policy requires it. (*Id.*) He alleges the defendants attempted to cover up the incident constituting cruel and unusual punishment. The plaintiff is seeking actual damages for pain and suffering, emotional distress and any medical and attorney fees and punitive damages.

## APPLICABLE LAW

**Motion to Dismiss Standard**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss may be granted when, construing allegations in light most favorable to plaintiff and assuming facts alleged in the complaint to be true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In deciding a Rule 12(b)(6) motion, the court can rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). While the court must construe factual allegations

in the nonmoving party's favor and treat them as true, the court need not treat the complaint's legal conclusions as true. *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir. 1994); *Custer v. Sweeney,* 89 F.3d 1156, 1163 (4th Cir. 1996) (in 12(b)(6) analysis, court need not accept plaintiff's "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations") (internal quotations and citations omitted).

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

### I. DEFENDANT MARTELL'S MOTION TO DISMISS

The defendant Martell filed a motion to dismiss pursuant to Rule 12 (b)(6) for failure to state a claim. Martell contends he should be dismissed because the plaintiff's complaint does not include any allegations against him. The undersigned agrees.

Because the central purpose of the complaint is to provide the defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's

legal allegations must be supported by some factual basis sufficient to allow the defendants to prepare a fair response. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although named as a defendant in this action, the plaintiff failed to make any allegations against Martell. Accordingly, the plaintiff has failed to state a claim against the defendant Martell and therefore his motion to dismiss should be granted.

## II. DEFENDANT DUNN'S MOTION TO DISMISS

The defendant Dunn has also filed a motion to dismiss. Dunn contends that the plaintiff has failed to state a claim against her. The undersigned agrees.

The only allegation which the plaintiff makes against Nurse Dunn is a failure to file a report regarding the plaintiff's medical treatment after the assault. He appears to argue that this was a conspiracy in an attempt to cover-up the incident. (Compl. at 4.) In her memorandum supporting her motion, Nurse Dunn admits that a report was not immediately filed. (Def. Dunn's Mem. Supp. Summ. J. Mot. at 4.)[1]

To establish a civil conspiracy under § 1983, a plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. *Hinkle v. City of Clarksburg,* 81 F.3d 416, 421 (4th Cir.1996). A plaintiff must come forward with specific evidence that each member of the alleged conspiracy shared the same conspiratorial

---

[1] She states that she assisted another nurse in treating the plaintiff and she believed that nurse had filed a report. (Def. Dunn's Mem. Supp. Summ. J. Mot. at 4) However, the undersigned notes that Dunn has not submitted this information in an affidavit and therefore the undersigned cannot rely upon this statement in preparing this report.

7

objective. *Id.* To survive a summary judgment motion, a plaintiff's evidence must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." *Id.* A plaintiff's allegation must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. *Hinkle,* at 422. The plaintiff must show that the defendants possessed an intent to commit an unlawful objective. *Id.*

Here, the plaintiff has presented nothing other than his own speculation that there was a conspiracy. He fails to show a meeting of the minds among Dunn and the other defendants to deprive him of his constitutional rights. Furthermore, the defendants do not dispute that the plaintiff was assaulted and suffered cuts to his face and chest and, even without the medical record entry, it was documented on October 10 and 11, 2007, that the other inmate was charged with an assault on the plaintiff and the plaintiff was injured and seen by medical. (Pl.'s Mem. Opp. Summ. J. Mot. Attach. 3 - Incident Report; Defs.' Mem. Supp Summ. J. Mot. Exs. 3 and 4 - Incident Report and SCDC Mgmt. Info. Notes.) The plaintiff has failed to state a conspiracy claim against the defendant Dunn and therefore her motion to dismiss should be granted and she should be dismissed.

### III.  Remaining Defendants' Summary Judgment Motion

The remaining defendants, Warden Stan Burtt, Lt. Darryl King, Classe Thompson, Officer NFN Rodgers, Officer NFN Guinn, Officer NFN Corbet, Lt. Terrence Forde, and Investigator NFN Powell, have filed a separate motion for summary judgment.

### A. Failure to Protect Claims

The plaintiff alleges that the remaining defendants acted with deliberate indifference and failed to protect him violating his Fourteenth Amendment rights by not preventing the attack on him by another inmate Richardson on October 10, 2007. The plaintiff alleges that two days before the attack, he spoke with the defendant Rodgers. He further alleges that the defendant Rodgers threatened to put a "hit" on him. He states that he told the defendants King, Thompson, Forde, Guinn, and Corbett that he "was afraid for my life" prior to Richardson's attack on him. (Compl. at 3.)

Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim. *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). Not every injury suffered by one inmate at the hands of other inmates, however, translates into constitutional liability for the prison officials responsible for the victim's safety. *See Farmer v. Brennan,* 511 U.S. 825, 835 (1994). In *Farmer,* the Supreme Court defined deliberate indifference, holding that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. The test is not whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregarded that risk. "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and

he must also draw the inference." *Id.* at 837.  While the objective information known to the official may be used to infer the knowledge he actually had, and to draw inferences about his actual state of mind, those inferences are not conclusive. Further, the Eighth Amendment is not violated by the negligent failure to protect inmates from violence. *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

Here, the plaintiff alleges he was threatened by the defendant Rodgers two days prior to the attack.  In his memorandum opposing summary judgment, he states that "officers on max know or should have known of all the violence on Lieber Lock-up, where inmates are stabbing, fighting, and throwing feces on each other. So, they should take protective measures anyway." (Pl.'s Mem. Opp. Summ. J. Mot. at 3.)  He states that he tried to obtain complaints and grievances from other inmates and prison records that refer to the problem, but he was denied.  (*Id.*)

Officer Rodgers denies making the threat and further denies that he was involved in any way with the assault on the plaintiff by inmate Richardson. (Defs.' Mem. Supp. Summ. J. Mot. Ex. 1.)  The defendants contend that they had no knowledge, either subjectively or objectively, of any specific threat of harm to the plaintiff.  (*Id.* Exs. 1 &2.) Even assuming Officer Rodgers threatened the plaintiff,  the plaintiff has not offered evidence, other than his own conclusory statements, that the defendant Rodgers arranged the attack or the defendants knew inmate Richardson was going to attack the plaintiff and were deliberately indifferent to the plaintiff's safety.

Accepting the plaintiff's allegations as true, the plaintiff told the defendants Guinn Corbett, Ford and Thompson of the alleged threat. Here, there is no evidence that the defendants knew that inmate Richardson posed a serious risk of harm to the plaintiff's safety prior to the attack.

Further, the undersigned notes that the plaintiff's allegations of threats alone also fail to state a claim. Verbal abuse and harassment by prison employees, without more, does not state a claim of cruel and unusual punishment. *Cullins v. Cundy,* 603 F.2d 825 (10th Cir.1979) (holding that the Sheriff's actions in laughing at and threatening to hang the plaintiff were not sufficient to show the deprivation of a constitutional right). The constitution does not "protect against all intrusions on one's peace of mind." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991). Therefore, a prison employees's verbal harassment or idle threats to an inmate, even if they cause an inmate fear, anxiety, or discomfort, do not constitute an invasion of any identified liberty interest. *Emmons v. McLaughlin*, 874 F.2d 351, 354 (6th Cir.1989) (verbal threats causing fear for plaintiffs life were not an infringement of a constitutional right).

The plaintiff also alleges the defendant Guinn failed to intervene immediately. He states that there is no evidence that Guinn pushed the plaintiff away from Richardson as recited in the minute report. He cites to the charge report which does not state that Guinn pushed the plaintiff. These reports are not inconsistent merely because one includes that Guinn pushed the plaintiff out of harm's way and the other omitted such a statement. Even

11

assuming, Guinn did not push the plaintiff away from inmate Richardson, this is not evidence that Guinn acted deliberately indifferent to the plaintiff. *Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995)("[P]rison guards have no duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm.")

Here, at best, Guinn failed to follow procedure when escorting the plaintiff to and from the shower and failed to react more quickly which at best constitutes negligence. However, negligence is not actionable under 42 U.S .C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 238-36 & n. 3 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Dep't of Social Srvs.*, 489 U.S. 189, 200-03 (1989).

Construing the facts in the light most favorable to plaintiff, the court finds that plaintiff has not established that defendants failed to protect him although they knew of a "substantial risk of serious harm" posed by other inmates. *Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir.1997). The plaintiff has established neither the "deliberate indifference" nor "substantial risk of harm" required for violation of the constitutional prohibition against cruel and unusual punishment. Therefore, the defendants should be granted summary judgment on the plaintiff's failure to protect claims.

### B. Claims Alleging Violations of SCDC Policy

The plaintiff also alleges that the defendants violated SCDC policy regarding the proper procedure for escorting inmates, and failing to take photographs of his injuries following the attack. The failure of a prison official to follow prison procedures does not, standing alone, amount to a constitutional violation. *See Keeler v. Pea,* 782 F.Supp. 42, 44 (D.S.C.1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983); *Scott v. Hamidullah*, 2007 WL 904803 *5 n. 6 (D.S.C. March 21, 2007) *(citing Riccio v. County of Fairfax,* Virginia, 907 F.2d 1459, 1469 (4th Cir.1990); *Johnson v. S.C. Dep't of Corrections*, 2007 WL 904826 at *12 (D.S.C. Mar.21, 2007) ("Plaintiff's allegation that defendants did not follow their own policies or procedures, standing alone, does not amount to a constitutional violation.") (*citing Riccio*, 907 F.2d at 1469). Therefore, the defendants should be granted summary judgment on the plaintiff's claims alleging violations of SCDC policy.

### C. Civil Conspiracy Claims

The plaintiff alleges the defendants conspired to cover up the incident. As discussed above in regards to the defendant Dunn's motion to dismiss, to establish a civil conspiracy under § 1983, the plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in the plaintiff's deprivation of a constitutional right, allegedly due process in this case. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Although he is not

required to "produce direct evidence of a meeting of the minds, [plaintiff] must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." *Id.* To survive a summary judgment motion, a plaintiff's evidence must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." *Id.* A plaintiff's allegation must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. *Id.* at 422. The plaintiff must show that the defendants possessed an intent to commit an unlawful objective. *Id.*

As discussed above, the plaintiff has failed to state a conspiracy claim against the defendant Dunn. Likewise, the plaintiff has presented nothing other than his own speculation that there was a conspiracy among the remaining defendants. The court finds that plaintiff has failed to produce evidence of a "meeting of the minds" among the remaining defendants to deprive him of his constitutional rights, and therefore the remaining defendants should also be granted summary judgment on the plaintiff's civil conspiracy claims.

### D. Qualified Immunity

The defendants also raise the defense of qualified immunity. Qualified immunity requires "(1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the [official's] position would have known that

doing what he did would violate that right." *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir.1992). However, because there is no evidence that any specific right of the plaintiff was violated, it is unnecessary for this Court to address the qualified immunity defense. *See Porterfield v. Lott,* 156 F.3d 563, 567(4th Cir.1998) (when the court determines that no right has been violated, the inquiry ends there, "because government officials cannot have known of a right that does not exist.").

### E.  State Law Claims

To the extent that the plaintiff states additional claims under state law (e.g. negligence), the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

### CONCLUSION

Wherefore, it is RECOMMENDED that the Defendant Martell's Motion to Dismiss (#36); the Defendant Dunn's Motion to Dismiss (# 49); the remaining Defendants' Motion for Summary Judgment (#39) be GRANTED; and that the Plaintiff's complaint be DISMISSED with prejudice.

FURTHER, if the District Court adopts this recommendation, it is further RECOMMENDED that the Plaintiff's Motions to Compel (#46) and for a Preliminary Injunction (#67) be DENIED as moot.

**IT IS SO RECOMMENDED.**

                                                      s/Bruce Howe Hendricks
                                                      United States Magistrate Judge

October 16, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).